**Patrick W. DOOLEY, Plaintiff–Appellant**

v.

**PARKS AND RECREATION FOR THE PARISH OF EAST BATON ROUGE, BREC, Defendant–Appellee.**

No. 10–31254
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 22, 2011.

---

Patrick Dooley, Baton Rouge, LA, pro se.

Murphy J. Foster, III, Esq., Yvonne R. Olinde, Esq., Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, for Defendant–Appellee.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

The plaintiff, Patrick W. Dooley, is a former employee of the defendant, the Recreation and Parks Commission for the Parish of East Baton Rouge ("BREC"). He previously filed an unsuccessful lawsuit against BREC, alleging discrimination on the basis of his religious beliefs. In the present suit, Dooley claims that BREC took various actions in retaliation against him for filing the previous suit, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. He additionally claims that BREC discriminated against him based on a disability, namely post-traumatic stress disorder, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The district court granted summary judgment in BREC's favor on both claims. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Dooley filed a charge of discrimination with the Equal Employment Opportunity Commission on April 10, 2006, alleging that BREC had discriminated against him based on his religious beliefs. After the Commission dismissed the charge, Dooley filed suit against BREC in the United States District Court for the Middle District of Louisiana, again alleging discrimination based on religion, on December 8, 2006. The district court granted summary judgment in BREC's favor on July 30, 2007. Dooley appealed, but this court dismissed his appeal on November 19, 2007, for want of prosecution, due to his failure to pay the docketing fee.

In the present case, Dooley alleges that several actions that were taken by BREC while the previous suit was pending amounted to retaliation against him for filing that suit. He also alleges that the same actions constituted discrimination against him on the basis of a disability. The alleged actions are as follows. Dooley states that on January 9, 2007, BREC took away his "helper," thereby forcing him to work without assistance and making his job more arduous. He also alleges that on April 23, 2007, he was given a disciplinary "write-up" or written warning for talking to another employee when he should have been working. He states that this write-up caused his next performance review to fall "one point short of a raise." Dooley further alleges that he was again written up on July 2, 2007, for making tractor tire marks on a sidewalk, and that he was suspended for three days based on an incident on August 21, 2007, when his supervisor considered him to have performed poorly in trying to locate an underground

water line. He claims that all of the foregoing actions were motivated by either retaliation or disability-based discrimination.

In addition, on February 13, 2009—while the present suit was pending before the district court—Dooley was terminated from his employment after he tested positive for marijuana. After that, Dooley filed an amended complaint alleging that his termination, in addition to the previously alleged adverse actions, was based on retaliation and disability discrimination.

The district court granted BREC's motion for summary judgment on both of his claims. As to the retaliation claim, the district court held that Dooley had failed to establish a genuine dispute of material fact regarding whether a causal connection existed between his protected activity (the prior discrimination charge and lawsuit) and BREC's actions against him. As to the disability discrimination claim, the district court held that the undisputed facts established that BREC was unaware of Dooley's claimed disability, so BREC could not possibly have discriminated against him because of it. On appeal, Dooley contests these conclusions, and also argues that the district court erred by partially denying a motion in which he sought to compel BREC to produce various documents and information in discovery.

## ANALYSIS

We review the district court's grant of summary judgment de novo. *E.g., McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir.2007). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[W]e view all disputed facts in the light most favorable to the non-moving party." *Giles v. Gen. Elec. Co.,* 245 F.3d

474, 493 (5th Cir.2001). "Conclusory allegations unsupported by specific facts ... will not prevent an award of summary judgment; the plaintiff [can]not rest on his allegations ... to get to a jury without any significant probative evidence tending to support the complaint." *Id.* (alterations in original) (quoting *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.,* 40 F.3d 698, 713 (5th Cir.1994)) (internal quotation marks omitted).

### 1. Retaliation

"To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy,* 492 F.3d at 556–57; *see also Gee v. Principi,* 289 F.3d 342, 345 (5th Cir.2002). "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action." *McCoy,* 492 F.3d at 557. "If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real ... retaliatory purpose. To carry this burden, the plaintiff must rebut each ... nonretaliatory reason articulated by the employer." *Id.* (footnote omitted). "At the summary judgment stage, the nonmovant need only point to the existence of a genuine issue of material fact." *Gee,* 289 F.3d at 345.

In this case, Dooley has undisputedly satisfied the first element of a prima facie case of retaliation by showing that he engaged in activities that are protected by Title VII, including filing both the previous suit and the current one. *See, e.g., Casarez v. Burlington N./Santa Fe Co.,* 193

F.3d 334, 339 (5th Cir.1999) (stating that filing suit under Title VII is a protected activity). We will assume for the sake of argument that Dooley also satisfies the second requirement of a prima facie case of retaliation: that the actions of which he complains count as "adverse employment actions" for Title VII purposes. *See Aryain v. Wal–Mart Stores Tex. LP*, 534 F.3d 473, 484–85 (5th Cir.2008) ("'[A] retaliation claim may rest on an action that 'a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" (alterations in original) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006))).

The third element of a prima facie case of retaliation is a showing of a causal connection between the protected activity and the adverse employment action. *McCoy*, 492 F.3d at 557. In this case, Dooley's only basis for establishing a causal connection is the timing of the actions that were taken against him: they all occurred while he had a discrimination suit (either his previous suit alleging discrimination based on religious beliefs, or the present suit) pending against BREC in federal court. Thus, the adverse actions of which Dooley complains were contemporaneous with Dooley's protected activity.

We have held that "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.1997) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir.1993)). "However, once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive." *Id.*; *see also Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 656 (5th Cir.2004) ("Without more than timing allegations, and based on Alltel's legitimate, nondiscriminatory reason in this case, summary judgment in favor of Alltel was proper.").

■ Assuming that Dooley has made out a prima facie case of retaliation, we conclude that BREC has offered legitimate nondiscriminatory reasons for each of the actions of which he complains, and that Dooley has failed to offer any further evidence from which a jury could infer that retaliation was the real motive. The first action of which Dooley complains is that his "helper" was taken away. In response to this allegation, David Thornhill, a BREC employee responsible for assigning employees to work crews, explained in deposition testimony that he assigned employees to where they were needed in order to get tasks completed. Dooley was an assistant foreman; like other assistant foremen, he could have up to two laborers assigned to work with him, but he need not have anyone assigned to work with him, depending on the task. Other assistant foremen also sometimes did not have laborers assigned to work with them. Dooley has not put forth any specific evidence from which a jury could conclude that this nondiscriminatory reason was really a pretext for retaliation against him.

The second action of which Dooley complains is that he was disciplined for talking with another employee when they should have been working. He was issued a written warning, which led to his falling "one point short of a raise" on his next performance review. BREC's legitimate nondiscriminatory reason for the written warning is simply that Dooley, in fact, engaged in the conduct for which he was disciplined:

conversing with another employee instead of working. Dooley admits that he did so, although he says the conversation was short. He does not identify any similarly situated employee who was not disciplined for similar conduct. *See Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005) ("To establish disparate treatment, a plaintiff must demonstrate that a 'similarly situated' employee under 'nearly identical' circumstances, was treated differently." (quoting *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir.1995))). Thus, Dooley has not provided any evidence from which a jury could conclude that the disciplinary action was motivated by retaliation.

Third, Dooley complains that he was issued another written warning after he left tractor tire marks on a sidewalk. But, again, Dooley admits that he engaged in the conduct for which he was disciplined: he made those marks on the sidewalk, even though his supervisor had taught him how to avoid making them. He does not suggest that any other employees were not disciplined for similar conduct. Therefore, he has not shown that BREC's nondiscriminatory reason for this disciplinary action was a pretext for retaliation against him.

The fourth allegedly retaliatory action of which Dooley complains is that he was suspended for three days for his poor job performance in locating a water line that was buried about 12 inches underground. Dooley does not deny that he failed to locate the water line at all for several hours until a supervisor found it for him; nor does he deny that he was able to locate only a few feet of water line in a full day, or that he broke the water line with a post hole digger. He argues only that the day was hot, the ground was hard, and he was tired. Thus, Dooley has failed to put forth evidence showing that BREC's stated non-

discriminatory reason for this disciplinary action was a pretext for retaliation.

Finally, Dooley alleges that his termination in February 2009, after he filed suit in the present case, was retaliatory. Dooley was terminated after he tested positive for marijuana on a random drug test. He admitted, in his deposition testimony, that he had smoked marijuana within the 30 days preceding the test. He has not identified any similarly situated employee who was not terminated after failing a drug test. He has therefore failed to show that this nondiscriminatory reason for his termination was a pretext for retaliation.

In short, while Dooley's previous discrimination suit against BREC was pending, BREC took several adverse actions against him. In addition, after Dooley filed the present suit, BREC terminated his employment. Dooley argues that the timing of those actions supports an inference that BREC was retaliating against him. However, BREC has given legitimate nondiscriminatory reasons for each of its actions, and Dooley has failed to provide any "evidence from which [a] jury [could] infer that retaliation was the real motive." *Swanson*, 110 F.3d at 1188. "Without more than timing allegations, . . . summary judgment in favor of [BREC] was proper." *Roberson*, 373 F.3d at 656.

### 2. Disability Discrimination

■ Dooley also alleges that BREC's actions against him amounted to discrimination on the basis of a disability, in violation of the Americans with Disabilities Act (ADA). "In order to make a prima facie case of discrimination under the ADA, a plaintiff must establish that she is a qualified individual with a disability and that the negative employment action occurred because of the disability." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir.1998). Dooley's alleged disability is

that he suffers from post-traumatic stress disorder (PTSD). As the district court reasoned, for BREC to have discriminated against Dooley because of his PTSD, BREC would first have to have been aware that Dooley had PTSD. *See Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 163 (5th Cir.1996) ("To prove discrimination, an employee must show that the employer knew of such employee's [disability].").  But Dooley admitted, in response to a request for admission, that "I never told BREC directly of my disability until after my employment with BREC was terminated."  Dooley offered no evidence that BREC was aware of his PTSD while he was employed by BREC. Therefore, we agree with the district court's conclusion that Dooley failed to establish a prima facie case of disability discrimination.

### 3. Discovery Ruling

■ Dooley claims that the district court erred by partially. denying his Motion to Compel Production, in which he sought to compel BREC to produce a wide range of materials, including documents concerning Dooley's previous lawsuit, which was dismissed; information about the drug testing of other employees; documents relating to prior discrimination complaints, accidents, or other incidents; reports of accidents and property damage from 2005 to the present; and information about the job qualifications of Dooley's former supervisors.  The district court partially granted the motion, requiring BREC to provide documents concerning complaints of retaliation and disability discrimination asserted in the past five years by BREC appointees "who were 'similarly situated' to plaintiff, *i.e.*, other employees who worked in a similar position to plaintiff."  The district court otherwise denied the motion, on the grounds that the other documents Dooley sought were not rele-vant to the specific issues raised in this suit.

"[C]ontrol of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir.2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir.1987)) (internal quotation mark omitted).  The vague arguments in Dooley's appellate briefs fail to demonstrate that the district court erred; they certainly do not show that the district court's discovery ruling was arbitrary or clearly unreasonable.

For the foregoing reasons, the district court's ruling granting summary judgment in BREC's favor is AFFIRMED.